IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNIFIED CML, LLC, and UNIFIED CML OPERATIONS, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 24-cv-1915 |
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY and REPUBLIC-FRANKLIN INSURANCE COMPANY, | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Unified CML, LLC ("Unified CML") and Unified CML Operations, LLC ("Unified CML Operations") state as follows as their complaint against Defendants Graphic Arts Mutual Insurance Company ("Graphic Arts") and Republic-Franklin Insurance Company ("Republic-Franklin"):

**Nature of the Action**

1. Through this lawsuit, Unified CML and Unified CML Operations seek declarations that Graphic Arts and Republic-Franklin are obligated to defend Plaintiffs in the putative class action captioned *Diane Johnson, individually, and on behalf of all others similarly situated v. Unified CML, LLC, and Unified CML Operations, LLC*, Case No. 2023 CH 7732, filed on August 25, 2023 and currently pending in the Circuit Court of Cook County, Illinois (the "*Johnson Lawsuit*").

2. Through this lawsuit, Plaintiffs also seek to recover the damages caused by the failure of Graphic Arts and Republic-Franklin to defend Plaintiffs in the *Johnson Lawsuit*.

1

**The Parties**

3. Plaintiff Unified CML, LLC is an Illinois limited liability company. All of its members are either citizens of Illinois or citizens of Indiana. Unified CML, LLC's individual Illinois citizens are: Abdul Kadar Sodagar; Akbar Mithani; Akhtar Ramzanali; Amin Habib; Anita Shah; Bharat Patel; Chandra Shah; Dharmesh K. Rangwal; Jaffer Khowaja; Krishna Patel; Murad Husain; Nasser Meherally; Noorul Khowaja; Prakash Patel; Pravina Patel; Purushottam Patel; Pyarali Merchant; Rishad Rajabali; Sam Savani; Sanjay Patel; Tarulata Patel; and Vrajlal Savsani. Unified CML, LLC's members include the following corporations, each of which is organized under Illinois law and each has its principal place of business in Illinois: 3 RD Inc.; Bhallas, Inc.; Jamar Group CML Inc; NASA, Inc.; NRN Network Inc; Pramukh Seva, Inc; and Stylika, Inc. Unified CML, LLC's members include the following Illinois limited liability companies whose members are Illinois citizens: CML Gold Properties, LLC, whose sole member is Siraj Virani, a citizen of Illinois; DIYA CML, LLC, whose sole member is Sanjeev Khatau, a citizen of Illinois; Jubilee Investments, LLC, whose sole member is Rahim Merchant, a citizen of Illinois; Kardo Investment LLC, whose sole member is Kardo Rasha, a citizen of Illinois; Midwest CML LLC, whose sole member is Thomas Mammen, a citizen of Illinois; Niles Donut, LLC, whose sole member is Abdul Panjwani, a citizen of Illinois; and Sevabrands LLC CML Real Estate, whose sole member is Parag Patel, a citizen of Illinois. Finally, Krisna, Inc is a member of Unified CML, LLC, and it is a corporation organized under Indiana law and has its principal place of business in Indiana.

4. Consequently, Unified CML is a citizen of Illinois and Indiana.

5. Plaintiff Unified CML Operations, LLC is an Illinois limited liability company. All of its members are either citizens of Illinois or citizens of Indiana. Unified CML Operations, LLC's

individual Illinois citizens are: Abdul Kadar Sodagar; Akbar Mithani; Akhtar Ramzanali; Amin Habib; Anita Shah; Bharat Patel; Chandra Shah; Dharmesh K. Rangwal; Jaffer Khowaja; Krishna Patel; Murad Husain; Nasser Meherally; Noorul Khowaja; Prakash Patel; Pravina Patel; Purushottam Patel; Pyarali Merchant; Richard Mommsen; Rishad Rajabali; Sam Savani; Sanjay Patel; Tarulata Patel; Umesh Patel; and Vrajlal Savsani. Unified CML Operations, LLC's members include the following corporations, each of which is organized under Illinois law and has its principal place of business in Illinois: 3 RD Inc.; Bhallas, Inc.; Jamar Group CML Inc; NASA, Inc.; NRN Network Inc; Pramukh Seva, Inc; and Stylika, Inc. Unified CML Operations, LLC's members include the following Illinois limited liability companies whose members are Illinois citizens: CML Gold Properties, LLC, whose sole member is Siraj Virani, a citizen of Illinois; DIYA CML, LLC, whose sole member is Sanjeev Khatau, a citizen of Illinois; Jubilee Investments, LLC, whose sole member is Rahim Merchant, a citizen of Illinois; Kardo Investment LLC, whose sole member is Kardo Rasha, a citizen of Illinois; Midwest CML LLC, whose sole member is Thomas Mammen, a citizen of Illinois; Niles Donut, LLC, whose member is Abdul Panjwani, a citizen of Illinois; and Sevabrands LLC CML Real Estate, whose member is Parag Patel, a citizen of Illinois. Finally, Krisna, Inc is a member of Unified CML Operations, LLC, and it is a corporation organized under Indiana law with its principal place of business in Indiana.

6. Consequently, Unified CML Operations is a citizen of Illinois and Indiana.

7. Defendant Graphic Arts Mutual Insurance Company is a corporation organized under the laws of the state of New York with its principal place of business in Utica, New York. Therefore, Graphic Arts is a citizen of New York.

8. Defendant Republic-Franklin Insurance Company is a corporation organized under the laws of the state of Ohio with its principal place of business in Utica, New York. Therefore, Republic-Franklin is a citizen of Ohio and New York.

**Jurisdiction And Venue**

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Unified CML and Unified CML Operations are citizens of different states than Graphic Arts and Republic-Franklin, and the total amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because the claims arise from insurance contracts issued to Unified CML and Unified CML Operations in this district, and because Graphic Arts' and Republic-Franklin's refusals to honor their obligations under the policies have caused Plaintiffs to suffer damages in this district.

**Facts Common to All Counts**

**A.     The Policies**

11. Graphic Arts issued to Unified CML and Unified CML Operations a series of commercial general liability policies under policy no. CPP 5317866, effective for consecutive annual periods from February 15, 2021 to February 15, 2024 (the "Policies"). True and correct copies of the Policies are attached as **Exhibits 1-3**.

12. The Policies include a Commercial General Liability Coverage Part with coverage of $1 million per occurrence and $2 million in the aggregate for personal and advertising injury.

13. Through the Policies, Graphic Arts agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We [Graphic Arts] will have the right and duty to defend the insured against any 'suit' seeking those damages." Exs. 1-3.

14. The Policies provide coverage for "'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period." Ex.s 1-3.

15. The Policies define "personal and advertising injury," in pertinent part, as "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: … e. Oral or written publication, in any manner, of material that violates a person's right of privacy …." Exs. 1-3.

16. Republic-Franklin issued to Unified CML and Unified CML Operations a series of commercial umbrella liability policies under policy no. CULP 5417140, effective for consecutive annual periods from December 24, 2021 to February 15, 2024 (the "Umbrella Policies"). True and correct copies of the Umbrella Policies are attached as **Exhibits 4-6**.

17. The Umbrella Policies include Commercial Liability Umbrella Declarations with coverage of $5 million for personal and advertising injury.

18. Through the Umbrella Policies, Republic-Franklin agreed to "pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'personal and advertising injury' to which this insurance applies." Exs. 4-6.

19. The Umbrella Policies provide coverage for "'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period." Exs. 4-6.

20. The Umbrella Policies define "personal and advertising injury," in pertinent part, as, "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: … e. Oral or written publication, in any manner, of material that violates a person's right of privacy .…" Exs. 4-6.

### B. The *Johnson* Class Action

21. On August 25, 2023, Diane Johnson filed the putative class action captioned *Diane Johnson, individually, and on behalf of all others similarly situated v. Unified CML, LLC, and Unified CML Operations, LLC*, Case No. 2023 CH 7732, in the Circuit Court of Cook County, Illinois. A true and correct copy of the complaint in the *Johnson Lawsuit* is attached as **Exhibit 7**.

22. Unified CML and Unified CML Operations are named as defendants in the *Johnson Lawsuit*. *See* Ex. 7 at ¶¶ 15-16. The *Johnson* complaint purportedly asserts claims against Plaintiffs pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* ("BIPA"). *See id.* at ¶¶ 67-94.

23. The putative class action is brought by Johnson individually and on behalf of all similarly situated individuals for the five-year period beginning August 25, 2018.

24. The *Johnson Lawsuit* contends that Unified CML and Unified CML Operations violated BIPA through their actions in the State of Illinois through which they collected and maintained their employees' fingerprint data for purposes of clocking in and out of work (Ex. 7 at ¶¶ 33-34, 43-46) without first obtaining the employees' written consent as required under BIPA (*id.* at ¶¶ 76-85).

25. Further, the *Johnson* complaint asserts that Unified CML and Unified CML Operations violated BIPA by disseminating their employees' biometric fingerprint data to third parties without first obtaining the employees' consent. Ex. 7 at ¶¶ 35, 47, 86-94.

26. The *Johnson* complaint seeks: statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and

reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3); and pre- and post-judgment interest as allowable by law.

27. The allegations in the *Johnson* complaint that Unified CML and Unified CML Operations collected and published their employees' biometric data in violation of BIPA are within the coverage of the Policies and Umbrella Policies.

28. Consequently, the *Johnson Lawsuit* alleges facts triggering Graphic Arts' and Republic-Franklin's duties to defend Unified CML and Unified CML Operations against the "personal and advertising injur[ies]" asserted in the *Johnson* complaint.

29. Plaintiffs tendered the *Johnson Lawsuit* to Graphic Arts and Republic-Franklin, demanding a defense against the claims asserted therein.

30. Plaintiffs have performed their obligations to Graphic Arts and Republic-Franklin under the Policies and the Umbrella Policies, including as to their tender of the *Johnson Lawsuit*.

31. On November 6, 2023, Graphic Arts declined coverage and refused to provide Unified CML and Unified CML Operations with a defense in the *Johnson Lawsuit*. A true and correct copy of Graphic Arts' letter denying coverage is attached as **Exhibit 8**.

32. By failing to respond to the tender of the *Johnson Lawsuit*, Republic-Franklin has effectively declined coverage and refused to provide Unified CML and Unified CML Operations with a defense in the *Johnson Lawsuit*. Further, although Republic-Franklin has not responded specifically to the tender of the *Johnson Lawsuit*, it has denied coverage for another claim that asserts substantially the same allegations as the *Johnson Lawsuit*.

33. Unified CML and Unified CML Operations have been required to undertake their own defenses in the *Johnson Lawsuit* and incurred expenses, including attorney's fees, in defending themselves in the *Johnson Lawsuit*.

## COUNT I
### DECLARATORY JUDGMENT
**Unified CML v. Graphic Arts Mutual Insurance Company**

34. Unified CML incorporates the allegations of paragraphs 1 through 33 as though fully stated herein.

35. The *Johnson* complaint asserts claims of injury on behalf of putative class members arising from Unified CML's written publication of material that violates a person's right of privacy in violation of BIPA.

36. The *Johnson* complaint alleges that Unified CML's BIPA violations took place in Illinois during the policy periods covered by the Policies.

37. The *Johnson* complaint alleges that Unified CML's written publication of material that violates a person's right of privacy in violation of BIPA took place within the coverage territory encompassed by the Policies.

38. Unified CML contends that the *Johnson* complaint seeks damages and other relief for "personal and advertising injury" as that phrase is defined in the Policies.

39. Unified CML contends that it is entitled to a defense against the claims asserted in the *Johnson Lawsuit* pursuant to the Policies.

40. Graphic Arts denies that Unified CML is entitled to a defense against the claims asserted in the *Johnson Lawsuit* pursuant to the Policies.

41. A justiciable controversy exists between Unified CML and Graphic Arts as to Graphic Arts' duty to defend Unified CML against the claims asserted in the *Johnson Lawsuit*.

8

WHEREFORE, Plaintiff Unified CML, LLC seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Defendant Graphic Arts Mutual Insurance Company is obligated to defend Unified CML, LLC against the claims asserted against it in the *Johnson Lawsuit* and such other relief as the Court deems just.

**COUNT II**
**DECLARATORY JUDGMENT**
**Unified CML Operations v. Graphic Arts Mutual Insurance Company**

42. Unified CML Operations incorporates the allegations of paragraphs 1 through 33 as though fully stated herein.

43. The *Johnson* complaint asserts claims of injury on behalf of putative class members arising from Unified CML Operations' written publication of material that violates a person's right of privacy in violation of BIPA.

44. The *Johnson* complaint alleges that Unified CML Operations' BIPA violations took place in Illinois during the policy periods covered by the Policies.

45. The *Johnson* complaint alleges that Unified CML Operations' written publication of material that violates a person's right of privacy in violation of BIPA took place within the coverage territory encompassed by the Policies.

46. Unified CML Operations contends that the *Johnson* complaint seeks damages and other relief for "personal and advertising injury" as that phrase is defined in the Policies.

47. Unified CML Operations contends that it is entitled to a defense against the claims asserted in the *Johnson Lawsuit* pursuant to the Policies.

48. Graphic Arts denies that Unified CML Operations is entitled to a defense against the claims asserted in the *Johnson Lawsuit* pursuant to the Policies.

49. A justiciable controversy exists between Unified CML Operations and Graphic Arts as to Graphic Arts' duty to defend Unified CML Operations against the claims asserted in the *Johnson Lawsuit*.

WHEREFORE, Plaintiff Unified CML Operations, LLC seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Defendant Graphic Arts Mutual Insurance Company is obligated to defend Unified CML Operations, LLC against the claims asserted against it in the *Johnson Lawsuit* and such other relief as the Court deems just.

## COUNT III
## BREACH OF CONTRACT
## Unified CML v. Graphic Arts Mutual Insurance Company

50. Unified CML incorporates the allegations of paragraphs 1 through 33 as though fully stated herein.

51. The *Johnson* complaint asserts claims of injury on behalf of putative class members arising from the written publication of material that violates a person's right of privacy in violation of BIPA.

52. The *Johnson* complaint alleges that Unified CML's written publication of material that violates a person's right of privacy in violation of BIPA's requirements occurred in Illinois during the relevant policy periods.

53. Unified CML timely tendered the *Johnson Lawsuit* to Graphic Arts, demanding a defense against the claims asserted therein.

54. Unified CML has performed its obligations to Graphic Arts under the Policies, including as to its tender of the *Johnson Lawsuit*.

55. Graphic Arts has declined coverage and refused to provide Unified CML with a defense in the *Johnson Lawsuit*. *See* Ex. 8.

56. Graphic Arts has failed to fulfill its obligations to Unified CML under the Policies by failing to provide a defense to Unified CML in the *Johnson Lawsuit* and repudiating its duty to defend Unified CML in connection with the *Johnson Lawsuit*.

57. Graphic Arts' breach of its obligation to provide Unified CML with a defense in the *Johnson Lawsuit* has required Unified CML to engage defense counsel and fund its own defense costs, including attorney's fees and other expenses, to defend against the claims asserted in the *Johnson* complaint.

58. Unified CML has sustained actual damages in the form of attorney's fees and other defense costs and will continue to incur further damages because of Graphic Arts' breach of its obligation to provide Unified CML with a defense in the *Johnson Lawsuit*.

WHEREFORE, Plaintiff Unified CML, LLC requests: (i) that judgment be entered in its favor and against Defendant Graphic Arts Mutual Insurance Company; (ii) that Unified CML, LLC be awarded the damages caused by Graphic Arts Mutual Insurance Company's breach of its obligation to defend Unified CML, LLC in the *Johnson Lawsuit*, including, without limitation, attorney's fees and costs; and (iii) such other relief as the Court deems just.

## COUNT IV
## BREACH OF CONTRACT
### Unified CML Operations v. Graphic Arts Mutual Insurance Company

59. Unified CML Operations incorporates the allegations of paragraphs 1 through 33 as though fully stated herein.

60. The *Johnson* complaint asserts claims of injury on behalf of putative class members arising from the written publication of material that violates a person's right of privacy in violation of BIPA.

11

61. The *Johnson* complaint alleges that Unified CML Operations' written publication of material that violates a person's right of privacy in violation of BIPA's requirements occurred in Illinois during the relevant policy periods.

62. Unified CML Operations timely tendered the *Johnson Lawsuit* to Graphic Arts, demanding a defense against the claims asserted therein.

63. Unified CML Operations has performed its obligations to Graphic Arts under the Policies, including as to its tender of the *Johnson Lawsuit*.

64. Graphic Arts has declined coverage and refused to provide Unified CML Operations with a defense in the *Johnson Lawsuit*. *See* Ex. 8.

65. Graphic Arts has failed to fulfill its obligations to Unified CML Operations under the Policies by failing to provide a defense to Unified CML Operations in the *Johnson Lawsuit* and repudiating its duty to defend Unified CML Operations in connection with the *Johnson Lawsuit*.

66. Graphic Arts' breach of its obligation to provide Unified CML Operations with a defense in the *Johnson Lawsuit* has required Unified CML Operations to engage defense counsel and fund its own defense costs, including attorney's fees and other expenses, to defend against the claims asserted in the *Johnson* complaint.

67. Unified CML Operations has sustained actual damages in the form of attorney's fees and other defense costs and will continue to incur further damages because of Graphic Arts' breach of its obligation to provide Unified CML Operations with a defense in the *Johnson Lawsuit*.

WHEREFORE, Plaintiff Unified CML Operations, LLC requests: (i) that judgment be entered in its favor and against Defendant Graphic Arts Mutual Insurance Company; (ii) that Unified CML Operations, LLC be awarded the damages caused by Graphic Arts Mutual Insurance

Company's breach of its obligation to defend Unified CML Operations, LLC in the *Johnson Lawsuit*, including, without limitation, attorney's fees and costs; and (iii) such other relief as the Court deems just.

## COUNT V
## DECLARATORY JUDGMENT
### Unified CML v. Republic-Franklin Insurance Company

68. Unified CML incorporates the allegations of paragraphs 1 through 33 as though fully stated herein.

69. The *Johnson* complaint asserts claims of injury on behalf of putative class members arising from Unified CML's written publication of material that violates a person's right of privacy in violation of BIPA.

70. The *Johnson* complaint alleges that Unified CML's BIPA violations took place in Illinois during the policy periods covered by the Umbrella Policies.

71. The *Johnson* complaint alleges that Unified CML's written publication of material that violates a person's right of privacy in violation of BIPA took place within the coverage territory encompassed by the Umbrella Policies.

72. Unified CML contends that the *Johnson* complaint seeks damages and other relief for "personal and advertising injury" as that phrase is defined in the Umbrella Policies.

73. Unified CML contends that it is entitled to a defense against the claims asserted in the *Johnson Lawsuit* pursuant to the Umbrella Policies.

74. Republic-Franklin denies that Unified CML is entitled to a defense against the claims asserted in the *Johnson Lawsuit* pursuant to the Umbrella Policies.

75. A justiciable controversy exists between Unified CML and Republic-Franklin as to Republic-Franklin's duty to defend Unified CML against the claims asserted in the *Johnson Lawsuit*.

WHEREFORE, Plaintiff Unified CML, LLC seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Defendant Republic-Franklin Insurance Company is obligated to defend Unified CML, LLC against the claims asserted against it in the *Johnson Lawsuit* and such other relief as the Court deems just.

**COUNT VI**
**DECLARATORY JUDGMENT**
**Unified CML Operations v. Republic-Franklin Insurance Company**

76. Unified CML Operations incorporates the allegations of paragraphs 1 through 33 as though fully stated herein.

77. The *Johnson* complaint asserts claims of injury on behalf of putative class members arising from Unified CML Operations' written publication of material that violates a person's right of privacy in violation of BIPA.

78. The *Johnson* complaint alleges that Unified CML Operations' BIPA violations took place in Illinois during the policy periods covered by the Umbrella Policies.

79. The *Johnson* complaint alleges that Unified CML Operations' written publication of material that violates a person's right of privacy in violation of BIPA took place within the coverage territory encompassed by the Umbrella Policies.

80. Unified CML Operations contends that the *Johnson* complaint seeks damages and other relief for "personal and advertising injury" as that phrase is defined in the Umbrella Policies.

81. Unified CML Operations contends that it is entitled to a defense against the claims asserted in the *Johnson Lawsuit* pursuant to the Umbrella Policies.

82. Republic-Franklin denies that Unified CML Operations is entitled to a defense against the claims asserted in the *Johnson Lawsuit* pursuant to the Umbrella Policies.

83. A justiciable controversy exists between Unified CML Operations and Republic-Franklin as to Republic-Franklin's duty to defend Unified CML Operations against the claims asserted in the *Johnson Lawsuit*.

WHEREFORE, Plaintiff Unified CML Operations, LLC seeks a declaration pursuant to 28 U.S.C. § 2201(a) that Defendant Republic-Franklin Insurance Company is obligated to defend Unified CML Operations, LLC against the claims asserted against it in the *Johnson Lawsuit* and such other relief as the Court deems just.

## COUNT VII
## BREACH OF CONTRACT
### Unified CML v. Republic-Franklin Insurance Company

84. Unified CML incorporates the allegations of paragraphs 1 through 33 as though fully stated herein.

85. The *Johnson* complaint asserts claims of injury on behalf of putative class members arising from the written publication of material that violates a person's right of privacy in violation of BIPA.

86. The *Johnson* complaint alleges that Unified CML's written publication of material that violates a person's right of privacy in violation of BIPA's requirements occurred in Illinois during the relevant policy periods.

87. Unified CML timely tendered the *Johnson Lawsuit* to Republic-Franklin, demanding a defense against the claims asserted therein.

88. Unified CML has performed its obligations to Republic-Franklin under the Umbrella Policies, including as to its tender of the *Johnson Lawsuit*.

89. Republic-Franklin has declined coverage and refused to provide Unified CML with a defense in the *Johnson Lawsuit*.

90. Republic-Franklin has failed to fulfill its obligations to Unified CML under the Umbrella Policies by failing to provide a defense to Unified CML in the *Johnson Lawsuit* and repudiating its duty to defend Unified CML in connection with the *Johnson Lawsuit*.

91. Republic-Franklin's breach of its obligation to provide Unified CML with a defense in the *Johnson Lawsuit* has required Unified CML to engage defense counsel and fund its own defense costs, including attorney's fees and other expenses, to defend against the claims asserted in the *Johnson Lawsuit*.

92. Unified CML has sustained actual damages in the form of attorney's fees and other defense costs and will continue to incur further damages because of Republic-Franklin's breach of its obligation to provide Unified CML with a defense in the *Johnson Lawsuit*.

WHEREFORE, Plaintiff Unified CML, LLC requests: (i) that judgment be entered in its favor and against Defendant Republic-Franklin Insurance Company; (ii) that Unified CML, LLC be awarded the damages caused by Republic-Franklin Insurance Company's breach of its obligation to defend Unified CML, LLC in the *Johnson Lawsuit*, including, without limitation, attorney's fees and costs; and (iii) such other relief as the Court deems just.

## COUNT VIII
## BREACH OF CONTRACT
**Unified CML Operations v. Republic-Franklin Insurance Company**

93. Unified CML Operations incorporates the allegations of paragraphs 1 through 33 as though fully stated herein.

94. The *Johnson* complaint asserts claims of injury on behalf of putative class members arising from the written publication of material that violates a person's right of privacy in violation of BIPA.

95. The *Johnson* complaint alleges that Unified CML Operations' written publication of material that violates a person's right of privacy in violation of BIPA's requirements occurred in Illinois during the relevant policy periods.

96. Unified CML Operations timely tendered the *Johnson Lawsuit* to Republic-Franklin, demanding a defense against the claims asserted therein.

97. Unified CML Operations has performed its obligations to Republic-Franklin under the Umbrella Policies, including as to its tender of the *Johnson Lawsuit*.

98. Republic-Franklin has declined coverage and refused to provide Unified CML Operations with a defense in the *Johnson Lawsuit*.

99. Republic-Franklin has failed to fulfill its obligations to Unified CML Operations under the Umbrella Policies by failing to provide a defense to Unified CML Operations in the *Johnson Lawsuit* and repudiating its duty to defend Unified CML Operations in connection with the *Johnson Lawsuit*.

100. Republic-Franklin's breach of its obligation to provide Unified CML Operations with a defense in the *Johnson Lawsuit* has required Unified CML Operations to engage defense counsel and fund its own defense costs, including attorney's fees and other expenses, to defend against the claims asserted in the *Johnson Lawsuit*.

101. Unified CML Operations has sustained actual damages in the form of attorney's fees and other defense costs and will continue to incur further damages because of Republic-

Franklin's breach of its obligation to provide Unified CML Operations with a defense in the *Johnson Lawsuit*.

WHEREFORE, Plaintiff Unified CML Operations, LLC requests: (i) that judgment be entered in its favor and against Defendant Republic-Franklin Insurance Company; (ii) that Unified CML Operations, LLC be awarded the damages caused by Republic-Franklin Insurance Company's breach of its obligation to defend Unified CML Operations, LLC in the *Johnson Lawsuit*, including, without limitation, attorney's fees and costs; and (iii) such other relief as the Court deems just.

Dated: March 5, 2024                             Respectfully submitted,

                                                          UNIFIED CML, LLC and UNIFIED CML OPERATIONS, LLC

                                                          By: /s/ David B. Goodman
                                                                  One of their attorneys

David B. Goodman – dg@glgchicago.com
  ARDC No. 6201242
Kalli K. Nies – kn@glgchicago.com
  ARDC No. 6318089
Nathan P. Karlsgodt – nk@glgchicago.com
  ARDC No. 6298908
Christopher S. Hoffmann – ch@glgchicago.com
  ARDC No. 6336052
Goodman Law Group | Chicago
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
Tel: (312) 626-1888